IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:01 CR 21-9

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**MELISSA WITHERSPOON BRITT,**<br><br>**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Melissa Witherspoon Britt's ("Defendant") Motion to Correct Sentence Pursuant to Federal Rules of Civil Procedure Rule 60, filed on January 23, 2004. The Government has not responded and the time for doing so has expired. Accordingly, this Motion is ripe for disposition.

In this Motion, Defendant seeks to have the Court amend her Judgment by removing a Two Point Gun Enhancement which increased her sentence and has had the practical effect of prohibiting her from participation in the Bureau of Prison's "Boot Camp Program," otherwise known as the Shock Incarceration Program, even though it was recommended by the Court that she be allowed to participate in this program. "The Boot Camp Program is expressly prohibited to the Petitioner if the gun enhancement remains in place." (Def.'s Mot. at 1.)

Defendant entered a guilty plea on September 5, 2002, to one count of conspiracy to possess with intent to distribute, and distribute, quantities of Oxycodone, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a), and (b), and 846. On November 26, 2002, a Judgment was entered, sentencing Defendant to fifty-one (51) months imprisonment. In the Judgment, the Court recommended that Defendant be allowed to participate in the Shock Incarceration Program. Defendant now complains to this Court that she

has not been allowed to participate in this program.

First, the Court finds that Defendant is improperly attempting to bring this Motion pursuant to the Federal Rules of *Civil* Procedure, which are inapplicable to a criminal matter. However, the Court will still examine Defendant's request. Defendant argues that her sentence was incorrectly enhanced and seeks to have it modified. A district court is granted very limited authority by Congress to modify a sentence once a final judgment has been imposed. Congress has granted such authority in three limited circumstances: (1) upon motion of the Director of the Bureau of Prisons if "extraordinary and compelling reasons warrant such a reduction," including a special exception for elderly inmates; (2) when expressly permitted by statute or Rule 35; and (3) when the sentence was based on a sentencing range which has been subsequently lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)-(2). None of these reasons exist here, and thus, this Court does not have jurisdiction to modify Defendant's sentence.

Further, while the Sentencing Guidelines do provide that the sentencing judge "may recommend that a defendant . . . participate in the shock incarceration program," U.S.S.G. § 5F1.7, it is the Bureau of Prisons, not the Court, that has the full authority over the designation and substance abuse treatment of persons in its custody, including but not limited to the Shock Incarceration Program. *See* 18 U.S.C. § 4046; 28 C.F.R. § 524.31(b). *See also Vega v. United States*, 269 F.Supp.2d 528, 532-33 (D.N.J. 2003) (BOP has full authority of participation in Shock Incarceration Program); *Gissendanner v. Menifee*, 975 F.Supp. 249, 251 (W.D.N.Y. 1997) ("consideration for the 'shock incarceration boot camp' and its availability to any particular prisoner is within the BOP's sole discretion"). Consequently, the Court is without power to issue the Order Defendant requests. Moreover, as the Court is informed and believes, the Shock Incarceration Program has been abolished because participating inmates were not found to have

measurably decreased rates of recidivism.  Thus, as a practical matter, this Motion is moot.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Correct Sentence Pursuant to Federal Rules of Civil Procedure Rule 60 is hereby  **DENIED**.

**IT IS FURTHER ORDERED** that a copy of this Order be sent to Defendant, the United States Probation Office, and the Federal Bureau of Prisons.

Signed: February 2, 2006

Richard L. Voorhees
Chief United States District Judge